UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
AHMED TALEB MOHAMED ALY,                                          :
                                                                 :
                                       Petitioner,               :              26-CV-1907 (JMF)
                                                                 :
                  -v-                                            :          STAY OF REMOVAL
                                                                 :          AND NOTICE OF
JUDITH ALMODOVAR et al,                                          :          CONFERENCE
                                                                 :          (IMMIGRATION CASES)
                                       Respondents.              :
                                                                 :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Petitioner has filed a Petition for the writ of habeas corpus under 28 U.S.C. § 2241. Counsel for all parties shall appear for a conference with the Court on **March 10, 2026** at **4:30 p.m.** The conference will be held remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again.

To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-01935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). Moreover, to preserve counsel's access to Petitioner and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a habeas petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205-WJM-STV, 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

Counsel should confer in advance of the conference and submit a joint letter, no later than **March 10, 2026,** at **9:00 a.m.** indicating whether the conference is necessary and addressing how the Court should handle the present Petition. In the letter, Respondents should also address (1) whether Petitioner was, as the Petition alleges, *see* ECF No. 1, ¶ 7, located in the Southern District of New York at the time that the Petition was filed; and (2) whether, if Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), there is any basis to

1

distinguish this case from *Guzman Cardenas v. Almodovar*, No. 25-CV-9169 (JMF), 2025 WL 3215573 (S.D.N.Y. Nov. 18, 2025) (and, if not, whether Respondents would consent to issuance of the writ — subject to preservation of Respondents' arguments for appeal).[1]  If counsel do not believe a conference is required, and that briefing is appropriate, counsel should propose a briefing schedule (expedited or otherwise) in the joint letter.

All counsel are required to register promptly as filing users on ECF.  **All counsel must familiarize themselves with the Court's Individual Rules, which are available at http:// nysd.uscourts.gov/judge/Furman.**  Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.  Counsel are encouraged, in addition to filing on ECF, to email any time-sensitive submission to the Court at Furman_nysdchambers@nysd.uscourts.gov and, absent a response within thirty minutes, to call (212) 805-0282 to alert the Court to the submission.

If this case has been settled or otherwise terminated, counsel are not required to file the aforementioned letter or appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

SO ORDERED.

Dated: March 9, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1]    If Respondents believe that Petitioner was *not* in the Southern District of New York at the time the Petition was filed, the parties should confer and indicate in the joint letter whether the Court should order immediate transfer to the District in which Petitioner was located at the time of filing.  *See, e.g., Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025).

2